IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HENLEY, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN HOMES 4 RENT PROPERTIES TEN, LLC, <br><br> Defendant. | Case No. 20-cv-05509 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff James Henley ("Mr. Henley") brings race and disability discrimination claims against his landlord, American Homes 4 Rent Properties Ten, LLC ("American Homes"). He alleges that American Homes violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and he also brings a claim under 42 U.S.C. § 1983 ("§ 1983") alleging he was denied his Fourteenth Amendment due process and equal protection rights. American Homes filed a motion to dismiss pursuant to Rule 12(b)(6). (Dkt. 10). For reasons stated herein, Defendant's Motion to Dismiss [10] is granted.

**I. Background**

The following factual allegations are taken from the Complaint (Dkt. 1) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

In February 2015, Mr. Henley and his wife Lynette Henley rented a house from American Homes in Crete, Illinois. Since then, Mr. Henley has paid his rent on time

1

and intended to renew his lease. On August 12, 2020, Mr. Henley received a 10-day notice of eviction for violating the terms of his lease. Mr. Henley was unable to start his car and as a result received the notice stating that he violated the lease rules and regulations which prohibit repairing cars in the driveway. Mr. Henley was given no notice before receiving the 10-day notice. He is disabled and cannot walk. He believes that the eviction notice is a pretext for discrimination based on his disability and race.

In his response brief (Dkt. 14), Mr. Henley states that in addition to his inability to walk, "he has respiratory problems which require the use of oxygen." *Id*. He also alleges that despite complaining to American Homes, it has "failed to provide him with certain modifications to the home to accommodate his disabilities," and as a result, "filed eviction papers" against him. *Id*. He claims American Homes threatened him with eviction "because he requested that certain modifications be done to the residence." *Id*.

## II.  Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts

2

plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)). The Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). At the same time the Court is not to "become an advocate" and "seek[] out legal issues lurking within the confines of the *pro se* litigant's pleadings." *Kiebala v. Boris*, 928 F.3d 680, 684-85 (7th Cir. 2019) (cleaned up).

### III. Analysis

#### A. Race Discrimination Claim

In order to bring a race discrimination claim under § 1983 against a private party, a plaintiff must allege both "(1) the deprivation of a right secured by the Constitution

3

or federal law and (2) the defendants were acting under color of state law." *Wilson v. Warren Cty.*, 830 F.3d 464, 468 (7th Cir. 2016). For a private actor to act under color of state law it must have a "meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *Id.* (internal quotations omitted).

Mr. Henley brings a claim under § 1983 alleging he was denied his Fourteenth Amendment due process and equal protection rights. Like §1983, "the Fourteenth Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Hinman v. Lincoln Towing Serv., Inc.*, 771 F.2d 189, 192 (7th Cir. 1985) (internal quotations and citations omitted). Under the Fourteenth Amendment, no "State [shall] deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV.

American Homes is a private party and Mr. Henley does not allege otherwise. Mr. Henley's complaint shows that this case involves solely private conduct. In claiming American Homes discriminated against him based on his race, Mr. Henley does not allege any facts that support an inference that there was a meeting of minds between American Homes and any state actor. Mr. Henley makes no claim that American Homes was acting under color of state law. Further, Mr. Henley fails to respond to these arguments by American Homes in his response brief. Therefore, Mr. Henley has not sufficiently pled his claim under § 1983 and the Fourteenth Amendment.

Moreover, Mr. Henley's complaint states only in a conclusory fashion that he "believes because of […] the color of his skin he is being denied the proper due process and equal protection that the law provides to him by the Constitution." A plaintiff "must provide more than mere labels and conclusions […] for [his] complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell*, 835 F.3d at 738 (citation and internal quotation marks omitted). *See also W. Bend Mut. Ins.*, 844 F.3d at 675 (in deciding Rule 12(b)(6) motion, the court "disregards any portions [of the complaint] that are 'no more than conclusions'"). Mr. Henley provides no factual support for his claim, and so his claim cannot survive the dismissal motion.

### B. Disability Discrimination Claim

Mr. Henley alleges that American Homes violated the ADA because it discriminated against him based on his disability. Title III of the ADA addresses private entities and prohibits discrimination "on the basis of disability in the full and equal enjoyment […] of any place of public accommodation." 42 U.S.C. § 12182(a). "Places of public accommodation include businesses open to the public (hotels and restaurants, for example)." *Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 610 (7th Cir. 2020); *see also* 42 U.S.C. § 12181(7) (identifying certain private entities as places of public accommodation including hotels, restaurants, stores and banks). In order to survive dismissal under Title III of the ADA, a plaintiff must state that the entity is a place of public accommodation and that it denied services to him because of an alleged disability. *Mohammed v. Dupage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019).

5

Mr. Henley does not allege that his home, leased by American Homes, is a place of public accommodation. As American Homes argues, Mr. Henley's rental of the private residence does not fall under the ADA's definition of public accommodation. "Courts have found that residential facilities—such as apartments and condominiums—do not fall within the definition of public accommodation." *Gragg v. Park Ridge Mobile Home Ct., LLP*, 2011 WL 4459701, at *4 (C.D. Ill. Sept. 26, 2011); *see also Worthington v. Golden Oaks Apartments*, 2011 WL 4729879, at *8 (N.D. Ind. Oct. 4, 2011) (collecting cases); *Torrence v. Advanced Home Care, Inc.*, 2009 WL 1444448, at *5 (N.D. Ill. May 21, 2009) (same).

A plaintiff must also allege discrimination "on the basis of disability." 42 U.S.C. § 12182(a). This requires a plaintiff to state "that 'but for' his disability, he would have been able to access the services or benefits desired." *Davis v. Wendy's Int'l, LLC,* 2019 WL 6769689, at *5 (N.D. Ill. Dec. 12, 2019) (quoting *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018)). However, Mr. Henley did not sufficiently allege that American Homes denied services to him "on the basis of his disability." Accepting the factual allegations in the complaint as true, Mr. Henley received a 10-day eviction notice as a result of violating the terms of the lease for repairing his car in the driveway. He did not provide any facts to support a claim that American Homes denied him any service based on his disability.

Additionally, as American Homes points out, Mr. Henley's response brief raises a new factual theory of retaliation. Mr. Henley alleges that he complained to American Homes "to provide him with certain modifications to the home to accommodate his

6

disabilities," and as a result "filed eviction papers" against him. (Dkt. 14). He claims American Homes is retaliating against him because of his alleged request for accommodation.

Although a plaintiff can supplement his complaint in response to a motion to dismiss if the new facts are consistent of the original allegations in the complaint, he cannot raise a new theory in a response brief. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (considering only the factual allegations contained in a *pro se* litigant's response to a motion to dismiss to the extent that they are consistent with the original claims, and declining to consider new claims). Because Mr. Henley raises a new factual theory of retaliation, the Court will not consider it. Even so, the new allegations do not change the fact that the rental home is not a "place of public accommodation." *See* 42 U.S.C. § 12181(7).

### C. The Complaint is Dismissed with Prejudice

Because Mr. Henley has not sufficiently stated any claim against American Homes, the Complaint must be dismissed. While Mr. Henley did not expressly seek leave to amend his Complaint, as discussed, he alleged a new claim in his response brief.

Rule 15(a)(2) allows the Court to "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of an amendment is appropriate when an amendment would be futile. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015). An amended complaint is futile if it asserts the same facts, asserts a previously determined claim, fails to state a valid theory of liability, or could

7

not withstand a motion to dismiss. *Id.* (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). "[C]ourts are within their discretion to dismiss with prejudice where a party does not make [a] showing [that the party might cure the defects in the complaint]." *Haywood*, 887 F.3d at 335.

Because both § 1983 and the Fourteenth Amendment require a party acting under the color of state law (*Wilson*, 830 F.3d at 468; *Hinman*, 771 F.2d at 192), any amendment would not withstand a motion to dismiss. And as discussed, the private home rented by Mr. Henley is not a public accommodation under the ADA. Mr. Henley also did not respond to American Homes' arguments on these issues. *See Cmty. Bank of Trenton v. Schnuck Mkts. Inc.*, 887 F.3d 803, 825 (7th Cir. 2018); *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (cleaned up). Thus even if Mr. Henley could provide factual support for his retaliation claim, an amended complaint would not be able to overcome these hurdles.

As a result, any further opportunity for amendment is not warranted in this case. The complaint is therefore dismissed with prejudice.

### IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [10] is granted. The complaint is dismissed with prejudice. The Clerk is directed to enter judgment in

8

favor of American Homes 4 Rent Properties Ten, LLC and against James Henley. Civil case terminated.

E N T E R:

Dated: April 7, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge